**Eric Sapir (SBN: 282740)**
**LAW OFFICE OF ERIC SAPIR**
**15760 Ventura Blvd., Suite #700**
**Encino, CA 91436**
**Telephone: 818-570-3556**
**Facsimile: 818-855-8063**
**es@ericsapirlaw.com**

Attorney for Plaintiff Carlos Betancourt

FILED
CLERK U.S. DISTRICT COURT

SEP 1 9 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| CARLOS BETANCOURT, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CASABLANCA EXPRESS., a California Corporation; and CASABLANCA EXPRESS NEVADA LLC, a Nevada limited liability company, <br><br> Defendants. | Case No. **CV13-06927-GW (AGR)** <br><br> **COMPLAINT FOR DAMAGES PURSUANT TO § 227 ET SEQ. (TELEPHONE CONSUMER PROTECTION ACT)** <br><br> [JURY TRIAL DEMANDED] |

1
COMPLAINT

# I. INTRODUCTION

1.     Carlos Betancourt ("Plaintiff") brings this action for damages, and other available legal or equitable remedies, resulting from the illegal actions of CASABLANCA EXPRESS and CASABLANCA EXPRESS NEVADA LLC ("Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. ("TCPA"), thereby invading Plaintiff's privacy.

## II. JURISDICTION AND VENUE

2.     This Court has original federal question jurisdiction over the parties and the TCPA claims asserted herein pursuant to 47 U.S.C. §227, *et seq.*

3.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events giving rise to the claims herein occurred within the State of California and the County of Ventura, including Plaintiff's receipt of Defendants' thirteen telemarketing calls to Plaintiff's telephone.

## III. PARTIES

4.     Plaintiff is, and at all times mentioned herein was, an individual citizen of the State of California, and resident of the County of Ventura.  Plaintiff is a cellular telephone subscriber, and he places and receives telephone calls

through the use of his cellular telephone having the telephone number of 805-404

-6841 ("Plaintiff's Cellular Telephone Number").

     5.    Upon information and belief, at all times relevant hereto, Defendant

CASABLANCA EXPRESS has been a California corporation having its principal

place of business located at 6300 Canoga Ave., Suite 550, Woodland Hills, CA

91367.

     6.    Upon information and belief, at all times relevant hereto, Defendant

CASABLANCA EXPRESS NEVADA LLC has been a Nevada limited liability

company having its principal place of business located at 6623 S. Las Vegas

Blvd., Suite 220, Las Vegas, NV 89119.

     7.    At all times relevant hereto, while conducting business in California,

Defendants have been subject to, and required to abide by, the laws of the United

States and the State of California, which include the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*, and its related regulations

("TCPA Regulations) that are set forth at 47 C.F.R. §64.1200, as well as the

opinions, regulations and orders issued by Courts and the Federal

Communications Commission ("FCC") implementing and enforcing the TCPA.

## IV. FACTUAL ALLEGATIONS

     8.    Plaintiff registered his Cellular Telephone Number with the National

Do Not Call Registry on July 27, 2003.

9.     Plaintiff is informed and believes, and thereon alleges, that on multiple occasions, all prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, Defendants contacted Plaintiff on Plaintiff's cellular telephone on 13 separate occasions without Plaintiff's consent.

10.     Plaintiff is informed and believes, and thereon alleges, that on multiple occasions, all prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, during several of the solicited telephone calls with Defendants Plaintiff requested and demanded Defendants to cease contact with him and place him on their Do Not Call list, each time to no avail.

11.     Plaintiff is informed and believes, and thereon alleges, that on multiple occasions, all prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, during several of the solicited telephone calls with Defendants, Plaintiff asked for specific identifying information about Defendants, each time to no avail.

12.     Plaintiff is informed and believes, and thereon alleges, that on multiple occasions, all prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, during several of the

solicited telephone calls with Defendants, when Plaintiff would ask Defendants for additional information, Defendants would hang up the phone.

13. Since Defendants refused to provide Plaintiff with identifying information about their company, Plaintiff purchased a product from Defendants during one of the solicited telephone calls on or about June 12, 2013. Only after the purchase was Plaintiff provided with the true name of Defendants.

14. Upon information and belief: (a) on July 21, 2012, at approximately 12:27 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a telemarketing call (the "First Call") to Plaintiff's Cellular Telephone Number for the commercial purpose of selling vacation packages; and (b) in regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)    Called without Plaintiff's prior express consent;

    (b)    Made the call using an automatic dialing system;

    (c)    Failed to voluntarily state the caller's name; and

    (d)    Failed to voluntarily state the caller's telephone number or address where the caller may be contacted;

15.     During the First Call, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.

16.     Upon information and belief: (a) on November 1, 2012, at approximately 7:04 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a telemarketing call (the "Second Call") to Plaintiff's Cellular Telephone Number for the commercial purpose of selling vacation packages.  Again, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)     Called without Plaintiff's prior express consent;

    (b)     Made the call using an automatic dialing system;

    (c)     Failed to voluntarily state the caller's name;

    (d)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

    (e)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (f)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

(g)    Failed to record Plaintiff's name and/or telephone number on its Do-Not-Call List; and

(h)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

17.    Upon information and belief: (a) on November 5, 2012, at approximately 5:51 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a telemarketing call (the "Third Call") to Plaintiff's Cellular Telephone Number for the commercial purpose of selling vacation packages.  Again, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Made the call using an automatic dialing system;

(c)    Failed to voluntarily state the caller's name;

(d)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (f)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

    (g)     Failed to record Plaintiff's name and/or telephone number on its Do-Not-Call List; and

    (h)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

18.    Upon information and belief: (a) on November 9, 2012, at approximately 8:09 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a telemarketing call (the "Fourth Call") to Plaintiff's Cellular Telephone Number for the commercial purpose of selling vacation packages.  Again, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)     Called without Plaintiff's prior express consent;

    (b)     Made the call using an automatic dialing system;

    (c)     Failed to voluntarily state the caller's name;

    (d)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(f)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

(g)     Failed to record Plaintiff's name and/or telephone number on its Do-Not-Call List; and

(h)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

19.     Upon information and belief: (a) on December 30, 2012, at approximately 2:17 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a telemarketing call (the "Fifth Call") to Plaintiff's Cellular Telephone Number for the commercial purpose of selling vacation packages.  Again, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Made the call using an automatic dialing system;

(c)     Failed to voluntarily state the caller's name;

(d)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(f)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

(g)    Failed to record Plaintiff's name and/or telephone number on its Do-Not-Call List; and

(h)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

20.    Upon information and belief: (a) on December 31, 2012, at approximately 2:54 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a telemarketing call (the "Sixth Call") to Plaintiff's Cellular Telephone Number for the commercial purpose of selling vacation packages.  Again, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Made the call using an automatic dialing system;

(c)     Failed to voluntarily state the caller's name;

(d)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(f)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

(g)     Failed to record Plaintiff's name and/or telephone number on its Do-Not-Call List; and

(h)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

21.     Upon information and belief: (a) on February 26, 2013, at approximately 5:04 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a telemarketing call (the "Seventh Call") to Plaintiff's Cellular Telephone Number for the commercial purpose of selling vacation packages.  Again, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Made the call using an automatic dialing system;

(c)     Failed to voluntarily state the caller's name;

(d)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(f)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

(g)     Failed to record Plaintiff's name and/or telephone number on its Do-Not-Call List; and

(h)     Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

22.     Upon information and belief: (a) on May 4, 2013, at approximately 10:54 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a telemarketing call (the "Eighth Call") to Plaintiff's Cellular Telephone Number for the commercial purpose of selling vacation packages.  Again, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)   Called without Plaintiff's prior express consent;

(b)   Made the call using an automatic dialing system;

(c)   Failed to voluntarily state the caller's name;

(d)   Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)   Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(f)   Failed to state at the beginning of the call that the purpose of the call was to make a sale.

(g)   Failed to record Plaintiff's name and/or telephone number on its Do-Not-Call List; and

(h)   Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

23.   Upon information and belief: (a) on June 3, 2013, at approximately 9:47 a.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a telemarketing call (the "Ninth Call") to Plaintiff's Cellular Telephone Number for the commercial purpose of selling vacation packages.  Again, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on

Defendant's Do-No-Call List.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Made the call using an automatic dialing system;

(c)    Failed to voluntarily state the caller's name;

(d)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(f)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

(g)    Failed to record Plaintiff's name and/or telephone number on its Do-Not-Call List; and

(h)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

24.    Upon information and belief: (a) on June 12, 2013, at approximately 7:00 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a telemarketing call (the "Tenth Call") to Plaintiff's Cellular Telephone Number for the commercial

purpose of selling vacation packages.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

    (a)    Called without Plaintiff's prior express consent;

    (b)    Made the call using an automatic dialing system;

    (c)    Failed to voluntarily state the caller's name;

    (d)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

    (e)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

    (f)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

    (g)    Failed to record Plaintiff's name and/or telephone number on its Do-Not-Call List; and

    (h)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

25.    Upon information and belief: (a) on July 13, 2013, at approximately 1:46 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a telemarketing call (the "Eleventh Call") to Plaintiff's Cellular Telephone Number for the

commercial purpose of selling vacation packages.  Again, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Made the call using an automatic dialing system;

(c)    Failed to voluntarily state the caller's name;

(d)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(f)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

(g)    Failed to record Plaintiff's name and/or telephone number on its Do-Not-Call List; and

(h)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

26.    On July 24, 2013, Defendants received a notice from Plaintiff's attorney, Eric Sapir, Esq., advising them of their violations, along with a request to cease and desist all solicitation activities directed towards Plaintiff.

27.     Upon information and belief: (a) on July 30, 2013, at approximately 7:22 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a telemarketing call (the "Twelfth Call") to Plaintiff's Cellular Telephone Number for the commercial purpose of selling vacation packages.  Again, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)     Called without Plaintiff's prior express consent;

(b)     Made the call using an automatic dialing system;

(c)     Failed to voluntarily state the caller's name;

(d)     Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)     Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(f)     Failed to state at the beginning of the call that the purpose of the call was to make a sale.

(g)     Failed to record Plaintiff's name and/or telephone number on its Do-Not-Call List; and

(h)    Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

28.    Upon information and belief: (a) on August 1, 2013, at approximately 6:00 p.m., without Plaintiff's prior express permission or invitation, Defendants or their authorized agent knowingly and/or willfully placed a telemarketing call (the "Thirteenth Call") to Plaintiff's Cellular Telephone Number for the commercial purpose of selling vacation packages.  Again, Plaintiff asked Defendants or their authorized agent to place Plaintiff's name and Plaintiff's Telephone Number on Defendant's Do-No-Call List.  In regard to such call, Defendants or their authorized agent knowingly and/or willfully:

(a)    Called without Plaintiff's prior express consent;

(b)    Made the call using an automatic dialing system;

(c)    Failed to voluntarily state the caller's name;

(d)    Failed to maintain a record of Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List;

(e)    Failed to honor Plaintiff's previous demand that the caller place Plaintiff's name on its Do-Not-Call List; and

(f)    Failed to state at the beginning of the call that the purpose of the call was to make a sale.

(g)  Failed to record Plaintiff's name and/or telephone number on its Do-Not-Call List; and

(h)  Failed to train the caller's live representative in the maintenance and use of its Do-Not-Call List.

29.  In regard to each of the above-described 13 calls to Plaintiff's telephone:

(a)  Plaintiff was a "recipient" as this term is used in 47 U.S.C. §227, *et seq.*;

(b)  Each call was initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services and, therefore, each was a "telephone solicitation" as defined in 47 U.S.C. §227(a)(3);

(c)  Each of the calls contained material advertising the commercial availability or quality of property, goods or services, which was transmitted to Plaintiff without Plaintiff's prior express invitation or permission, in writing or otherwise and, therefore, was an "unsolicited advertisement" as defined in 47 U.S.C. §227(a)(5); and

(d)     Each of the calls were made using an automatic dialing system to Plaintiff's Cellular Telephone, as defined in 47 U.S.C. §227(a)(3).

## COUNT 1

**First Call - Violation of TCPA Regulation
47 U.S.C. §227(b)(1)(A)(iii)
(Against All Defendants)**

30.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

31.     Defendants' conduct, in placing the First Call to Plaintiff's Cellular Telephone with an automatic dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

32.     Defendant's conduct, in placing the First Call to Plaintiff's Cellular Telephone with an automated dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 2

### First Call - Violation of TCPA Regulation
### 47 C.F.R. §64.1200(d)(4)
### (Against All Defendants)

33.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

34.     Defendants' conduct, in placing the First Call to Plaintiff's telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

35.     Defendants' conduct, in placing the First Call to Plaintiff's telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 3

### First Call - Violation of TCPA Regulation
### 47 C.F.R. §64.1200(d)(4)
### (Against All Defendants)

36.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

37.     Defendants' conduct, in placing the First Call to Plaintiff's telephone and failing to voluntarily identify the telephone number or address of the business, individual, or other entity initiating the call, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

38.     Defendants' conduct, in placing the First Call to Plaintiff's telephone and failing to voluntarily identify the telephone number or address of the business, Individual, or other entity initiating the call, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 4

**Second Call - Violation of TCPA Regulation**
**47 U.S.C. §227(b)(1)(A)(iii)**
**(Against All Defendants)**

39.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

40.     Defendants' conduct, in placing the Second Call to Plaintiff's Cellular Telephone with an automatic dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

41.     Defendant's conduct, in placing the Second Call to Plaintiff's Cellular Telephone with an automated dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 5

### Second Call – Violation of the TCPA and TCPA Regulations
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

42.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

43.     In placing the Second Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

44.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 6

### Second Call – Violation of the TCPA and TCPA Regulations
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))
### (Against All Defendants)

45.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

46.    In placing the Second Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

47.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 7

### Second Call – Violation of the TCPA and TCPA Regulations
### 47 C.F.R. §64.1200(d)(4))
### (Against All Defendants)

48.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

49.    Defendants' conduct, in placing the Second Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message,

violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

50.     Defendant's conduct, in placing the Second Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 8

### Second Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)
### (Against All Defendants)

51.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

52.     In placing the Second Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

53.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 9

**Third Call - Violation of TCPA Regulation
47 U.S.C. §227(b)(1)(A)(iii)
(Against All Defendants)**

54.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

55.     Defendants' conduct, in placing the Third Call to Plaintiff's Cellular Telephone with an automatic dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

56.     Defendant's conduct, in placing the Third Call to Plaintiff's Cellular Telephone with an automated dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 10

### Third Call – Violation of the TCPA and TCPA Regulations
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

57.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

58.     In placing the Third Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

59.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 11

### Third Call – Violation of the TCPA and TCPA Regulations
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))
### (Against All Defendants)

60.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

61.     In placing the Third Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to train the person making the call in

the proper maintenance and use of its Do-Not-Call List, Defendants knowingly

and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

62.    Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

## COUNT 12

### Third Call – Violation of the TCPA and TCPA Regulations
### 47 C.F.R. §64.1200(d)(4))
### (Against All Defendants)

63.    Plaintiff hereby incorporates, as if fully rewritten herein, all

foregoing paragraphs.

64.    Defendants' conduct, in placing the Third Call to Plaintiff's Cellular

Telephone and failing to voluntarily identify by name the business, individual, or

other entity initiating the call at the beginning of the message, violates 47 C.F.R.

§64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory

damages in the minimum amount of $500 for this violation.

65.    Defendant's conduct, in placing the Third Call to Plaintiff's Cellular

Telephone and failing to voluntarily identify by name the business, individual, or

other entity initiating the call at the beginning of the message, constitutes a

knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore,

Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 13

### Third Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)
### (Against All Defendants)

66.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

67.     In placing the Third Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

68.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 14

### Fourth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(b)(1)(A)(iii)
### (Against All Defendants)

69.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

70.    Defendants' conduct, in placing the Fourth Call to Plaintiff's Cellular Telephone with an automatic dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

71.    Defendant's conduct, in placing the Fourth Call to Plaintiff's Cellular Telephone with an automated dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 15

**Fourth Call – Violation of the TCPA and TCPA Regulations
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

72.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

73.    In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

74.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 16

**Fourth Call – Violation of the TCPA and TCPA Regulations**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))**
**(Against All Defendants)**

75.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

76.     In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

77.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 17

**Fourth Call – Violation of the TCPA and TCPA Regulations**
**47 C.F.R. §64.1200(d)(4))**
**(Against All Defendants)**

78.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

79.    Defendants' conduct, in placing the Fourth Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

80.    Defendant's conduct, in placing the Fourth Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 18

### Fourth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)
### (Against All Defendants)

81.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

82.    In placing the Fourth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its

Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

83.    Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

## COUNT 19

### Fifth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(b)(1)(A)(iii)
### (Against All Defendants)

84.    Plaintiff hereby incorporates, as if fully rewritten herein, all
foregoing paragraphs.

85.    Defendants' conduct, in placing the Fifth Call to Plaintiff's Cellular
Telephone with an automatic dialing system to deliver an unsolicited
advertisement to Plaintiff without Plaintiff's prior express consent or approval,
constitutes a violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is
entitled to an award of statutory damages in the minimum amount of $500 for this
violation.

86.    Defendant's conduct, in placing the Fifth Call to Plaintiff's Cellular
Telephone with an automated dialing system to deliver an unsolicited
advertisement to Plaintiff without Plaintiff's prior express consent or approval,
constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(A)(iii)
and, therefore, Plaintiff is entitled to an award of statutory treble damages in the
amount of $1,500 for this violation.

## COUNT 20

### Fifth Call – Violation of the TCPA and TCPA Regulations
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

87.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

88.     In placing the Fifth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

89.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 21

### Fifth Call – Violation of the TCPA and TCPA Regulations
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))
### (Against All Defendants)

90.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

91.     In placing the Fifth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to train the person making the call in

the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

92.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 22

**Fifth Call – Violation of the TCPA and TCPA Regulations
47 C.F.R. §64.1200(d)(4))
(Against All Defendants)**

93.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

94.   Defendants' conduct, in placing the Fifth Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

95.   Defendant's conduct, in placing the Fifth Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore,

Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 23

**Fifth Call - Violation of TCPA Regulation**
**47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)**
**(Against All Defendants)**

96.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

97.     In placing the Fifth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

98.     Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 24

**Sixth Call - Violation of TCPA Regulation**
**47 U.S.C. §227(b)(1)(A)(iii)**
**(Against All Defendants)**

99.     Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

100.   Defendants' conduct, in placing the Sixth Call to Plaintiff's Cellular Telephone with an automatic dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

101.   Defendant's conduct, in placing the Sixth Call to Plaintiff's Cellular Telephone with an automated dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 25

**Sixth Call – Violation of the TCPA and TCPA Regulations
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

102.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

103.   In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

104.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 26

**Sixth Call – Violation of the TCPA and TCPA Regulations
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))
(Against All Defendants)**

105.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

106.   In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

107.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 27

**Sixth Call – Violation of the TCPA and TCPA Regulations
47 C.F.R. §64.1200(d)(4))
(Against All Defendants)**

108.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

109.   Defendants' conduct, in placing the Sixth Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

110.   Defendant's conduct, in placing the Sixth Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 28

### Sixth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)
### (Against All Defendants)

111.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

112.   In placing the Sixth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its

Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

113.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

## COUNT 29

### Seventh Call - Violation of TCPA Regulation
### 47 U.S.C. §227(b)(1)(A)(iii)
### (Against All Defendants)

114.   Plaintiff hereby incorporates, as if fully rewritten herein, all
foregoing paragraphs.

115.   Defendants' conduct, in placing the Seventh Call to Plaintiff's
Cellular Telephone with an automatic dialing system to deliver an unsolicited
advertisement to Plaintiff without Plaintiff's prior express consent or approval,
constitutes a violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is
entitled to an award of statutory damages in the minimum amount of $500 for this
violation.

116.   Defendant's conduct, in placing the Seventh Call to Plaintiff's
Cellular Telephone with an automated dialing system to deliver an unsolicited
advertisement to Plaintiff without Plaintiff's prior express consent or approval,
constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(A)(iii)
and, therefore, Plaintiff is entitled to an award of statutory treble damages in the
amount of $1,500 for this violation.

## COUNT 30

**Seventh Call – Violation of the TCPA and TCPA Regulations
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

117.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

118.   In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

119.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 31

**Seventh Call – Violation of the TCPA and TCPA Regulations
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))
(Against All Defendants)**

120.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

121.   In placing the Seventh Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to train the person making the call in

the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

122.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 32

### Seventh Call – Violation of the TCPA and TCPA Regulations
### 47 C.F.R. §64.1200(d)(4))
### (Against All Defendants)

123.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

124.   Defendants' conduct, in placing the Seventh Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

125.   Defendant's conduct, in placing the Seventh Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and,

therefore, Plaintiff is entitled to an award of statutory treble damages in the

amount of $1,500 for this violation.

## COUNT 33

### Seventh Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)
### (Against All Defendants)

126.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the

foregoing paragraphs.

127.   In placing the Seventh Call to deliver a telephone solicitation to

Plaintiff's Cellular Telephone, and failing to maintain a record of Plaintiff's

previous demand that the caller place his name and/or telephone number on its

Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

128.   Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

## COUNT 34

### Eighth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(b)(1)(A)(iii)
### (Against All Defendants)

129.   Plaintiff hereby incorporates, as if fully rewritten herein, all

foregoing paragraphs.

130.   Defendants' conduct, in placing the Eighth Call to Plaintiff's Cellular Telephone with an automatic dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

131.   Defendant's conduct, in placing the Eighth Call to Plaintiff's Cellular Telephone with an automated dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 35

### Eighth Call – Violation of the TCPA and TCPA Regulations
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

132.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

133.   In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

144.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 36

### Eighth Call – Violation of the TCPA and TCPA Regulations 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2)) (Against All Defendants)

145.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

146.    In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

147.    Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 37

### Eighth Call – Violation of the TCPA and TCPA Regulations 47 C.F.R. §64.1200(d)(4)) (Against All Defendants)

148.    Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

149.   Defendants' conduct, in placing the Eighth Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

150.   Defendant's conduct, in placing the Eighth Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 38

### Eighth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)
### (Against All Defendants)

151.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

152.   In placing the Eighth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its

Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

153.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 39

### Ninth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(b)(1)(A)(iii)
### (Against All Defendants)

154.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

155.   Defendants' conduct, in placing the Ninth Call to Plaintiff's Cellular Telephone with an automatic dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

156.   Defendant's conduct, in placing the Ninth Call to Plaintiff's Cellular Telephone with an automated dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 40

### Ninth Call – Violation of the TCPA and TCPA Regulations
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

157.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

158.   In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

159.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 41

### Ninth Call – Violation of the TCPA and TCPA Regulations
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))
### (Against All Defendants)

160.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

161.   In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to train the person making the call in

the proper maintenance and use of its Do-Not-Call List, Defendants knowingly

and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

162.    Because Defendants knowingly and/or willfully violated 47 U.S.C.

§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of

statutory treble damages in the amount of $1,500.

## COUNT 42

### Ninth Call – Violation of the TCPA and TCPA Regulations
### 47 C.F.R. §64.1200(d)(4))
### (Against All Defendants)

163.    Plaintiff hereby incorporates, as if fully rewritten herein, all

foregoing paragraphs.

164.    Defendants' conduct, in placing the Ninth Call to Plaintiff's Cellular

Telephone and failing to voluntarily identify by name the business, individual, or

other entity initiating the call at the beginning of the message, violates 47 C.F.R.

§64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory

damages in the minimum amount of $500 for this violation.

165.    Defendant's conduct, in placing the Ninth Call to Plaintiff's Cellular

Telephone and failing to voluntarily identify by name the business, individual, or

other entity initiating the call at the beginning of the message, constitutes a

knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore,

Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 43

### Ninth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)
### (Against All Defendants)

166.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

167.   In placing the Ninth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

168.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 44

### Tenth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(b)(1)(A)(iii)
### (Against All Defendants)

169.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

170.    Defendants' conduct, in placing the Tenth Call to Plaintiff's Cellular Telephone with an automatic dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

171.    Defendant's conduct, in placing the Tenth Call to Plaintiff's Cellular Telephone with an automated dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 45

### Tenth Call – Violation of the TCPA and TCPA Regulations
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

172.    Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

173.    In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

174.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 46

**Tenth Call – Violation of the TCPA and TCPA Regulations
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))
(Against All Defendants)**

175.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

176.   In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

177.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 47

**Tenth Call – Violation of the TCPA and TCPA Regulations
47 C.F.R. §64.1200(d)(4)
(Against All Defendants)**

178.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

179.   Defendants' conduct, in placing the Tenth Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

180.   Defendant's conduct, in placing the Tenth Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 48

### Tenth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)
### (Against All Defendants)

181.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

182.   In placing the Tenth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its

Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

183.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 49

### Eleventh Call - Violation of TCPA Regulation
### 47 U.S.C. §227(b)(1)(A)(iii)
### (Against All Defendants)

184.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

185.   Defendants' conduct, in placing the Eleventh Call to Plaintiff's Cellular Telephone with an automatic dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

186.   Defendant's conduct, in placing the Eleventh Call to Plaintiff's Cellular Telephone with an automated dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 50

### Eleventh Call – Violation of the TCPA and TCPA Regulations
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
### (Against All Defendants)

187.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

188.   In placing the Eleventh Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

189.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 51

### Eleventh Call – Violation of the TCPA and TCPA Regulations
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))
### (Against All Defendants)

190.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

191.   In placing the Eleventh Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to train the person making the call in

the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

192.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 52

### Eleventh Call – Violation of the TCPA and TCPA Regulations
### 47 C.F.R. §64.1200(d)(4))
### (Against All Defendants)

193.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

194.   Defendants' conduct, in placing the Eleventh Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

195.   Defendant's conduct, in placing the Eleventh Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and,

therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 53

### Eleventh Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)
### (Against All Defendants)

196.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

197.   In placing the Eleventh Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

198.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 54

### Twelfth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(b)(1)(A)(iii)
### (Against All Defendants)

199.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

Case 2:13-cv-06927-GW-AGR   Document 1   Filed 09/19/13   Page 58 of 70   Page ID #:62

200.   Defendants' conduct, in placing the Twelfth Call to Plaintiff's Cellular Telephone with an automatic dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

201.   Defendant's conduct, in placing the Twelfth Call to Plaintiff's Cellular Telephone with an automated dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 55

**Twelfth Call – Violation of the TCPA and TCPA Regulations
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

202.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

203.   In placing the Twelfth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).


58
COMPLAINT

204.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 56

### Twelfth Call – Violation of the TCPA and TCPA Regulations
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))
### (Against All Defendants)

205.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

206.   In placing the Twelfth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to train the person making the call in the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

207.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 57

### Twelfth Call – Violation of the TCPA and TCPA Regulations
### 47 C.F.R. §64.1200(d)(4)
### (Against All Defendants)

208.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

209.   Defendants' conduct, in placing the Twelfth Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

210.   Defendant's conduct, in placing the Twelfth Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 58

### Twelfth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)
### (Against All Defendants)

211.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

212.   In placing the Twelfth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its

Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

213.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 59

### Thirteenth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(b)(1)(A)(iii)
### (Against All Defendants)

214.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

215.   Defendants' conduct, in placing the Thirteenth Call to Plaintiff's Cellular Telephone with an automatic dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

216.   Defendant's conduct, in placing the Thirteenth Call to Plaintiff's Cellular Telephone with an automated dialing system to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 60

**Thirteenth Call – Violation of the TCPA and TCPA Regulations
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3))
(Against All Defendants)**

217.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

218.   In placing the Thirteenth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to record Plaintiff's name and/or telephone number on its Do-Not-Call List pursuant to Plaintiff's request, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3).

219.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(3), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 61

**Thirteenth Call – Violation of the TCPA and TCPA Regulations
47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2))
(Against All Defendants)**

220.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

221.   In placing the Thirteenth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to train the person making the call in

the proper maintenance and use of its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2).

222.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT 62

**Thirteenth Call – Violation of the TCPA and TCPA Regulations
47 C.F.R. §64.1200(d)(4))
(Against All Defendants)**

223.   Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

224.   Defendants' conduct, in placing the Thirteenth Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, violates 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

225.   Defendant's conduct, in placing the Thirteenth Call to Plaintiff's Cellular Telephone and failing to voluntarily identify by name the business, individual, or other entity initiating the call at the beginning of the message, constitutes a knowing and/or willful violation of 47 C.F.R. §64.1200(d)(4) and,

therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 63

### Thirteenth Call - Violation of TCPA Regulation
### 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6)
### (Against All Defendants)

226.   Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

227.   In placing the Thirteenth Call to deliver a telephone solicitation to Plaintiff's Cellular Telephone, and failing to maintain a record of Plaintiff's previous demand that the caller place his name and/or telephone number on its Do-Not-Call List, Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6).

228.   Because Defendants knowingly and/or willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6), Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby prays for the following relief on the foregoing claims against Defendants, jointly and severally:

A.   For a declaratory judgment that Defendants' conduct violated the TCPA;

B.    For an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $500 for each of Defendants' violations of 47 U.S.C. §227(b) and/or the regulations promulgated thereunder, pursuant to 47 U.S.C. §227(b)(3)(B);

C.    For an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $1500 for each of Defendants' knowing and/or willful violations of 47 U.S.C. §227(b) and/or the regulations promulgated thereunder, pursuant to 47 U.S.C. §227(b)(3)(C);

D.    For an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $500 for each of Defendants' violations of 47 U.S.C. §227(c) and/or the regulations promulgated thereunder, pursuant to 47 U.S.C. §227(c)(5)(B);

E.    For an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $1500 for each of Defendants' knowing and/or willful violations of 47 U.S.C. §227(c) and/or the regulations promulgated thereunder, pursuant to 47 U.S.C. §227(c)(5)(C);

F.    For actual damages;

G.    For punitive damages in an amount sufficient to discourage such future actions by Defendants and others, and in the Court's discretion;

H.    For attorneys' fees and costs; and

I.    For such other and further relief as the Court may deem just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury on all of his claims against Defendants.

Dated: September 19, 2013                    **LAW OFFICE OF ERIC SAPIR**

By: _____
Eric Sapir
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ George H. Wu _____ and the assigned Magistrate Judge is _____ Alicia G. Rosenberg _____ .

The case number on all documents filed with the Court should read as follows:

### 2:13-CV-6927-GW (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 19, 2013
_____
Date

By  MDAVIS  _____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

Eric Sapir (SBN: 282740)
LAW OFFICE OF ERIC SAPIR
15760 Ventura Blvd., Suite #700
Encino, CA 91436
Telephone: 818-570-3556
Facsimile: 818-855-8063

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BETANCOURT, an individual, | CASE NUMBER |
| PLAINTIFF(S) | CV13-06927 — GW(AGR) |
| v. | |
| ~~CASABLANCA EXPRESS, and CASABLANCA EXPRESS NEVADA LLC,~~ Casablanca Express, a California corporation, and Casablanca Express Nevada LLC., a Nevada limited liability company, | SUMMONS |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

        A lawsuit has been filed against you.

        Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Eric Sapir _____, whose address is 15760 Ventura Blvd., Suite #700, Encino, CA 91436 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                                Clerk, U.S. District Court

Dated: 09/19/2013 _____          By: _____MARILYN DAVIS_____
                                                Deputy Clerk

                                                (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CIVIL COVER SHEET

## I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ )

Carlos Betancourt
2373 Marilyn St
Simi Valley, CA 93065

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Casablanca Express          CASABLANCA EXPRESS NEVADA LLC
6300 Canoga Ave. Suite 550     6623 S. Las Vegas Blvd., Suite 220
Woodland Hills, CA 91367       Las Vegas, NV 89119.

**(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)**

LAW OFFICE OF ERIC SAPIR
15760 Ventura Blvd., Suite #700
Encino, CA 91436
818-570-3556

**(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)**

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No **MONEY DEMANDED IN COMPLAINT: $**

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
47 U.S.C. § 227- Violation of the Telephone Consumer Protection Act

## VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property |  | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation |  | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV |  | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts |  | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other |  |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** |  |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act |  |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations |  |
| ☐ 950 Constitutionality of State Statutes | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act |  |
|  | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act |  |
|  | ☐ 230 Rent Lease & Ejectment |  | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation |  |
|  |  |  | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act |  |

**FOR OFFICE USE ONLY: Case Number:** CV13-06927

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)

☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |
| | Nevada |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose. **NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: 09/19/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |